ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:14CR301 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| DWIGHT MARTIN, | ) | |
| | ) | ORDER |
|     Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Dwight Martin's motion for compassionate release. Doc. 683. Upon review, the motion is DENIED.

Within the COVID-19 backdrop, the Sixth Circuit has recently explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to

> consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted). However, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111.

Initially, the Court notes that it is unlikely that Martin has met his burden to show extraordinary and compelling circumstances. Martin relies upon the fact that he has hepatitis, tested positive for Covid, and is housed at Elkton FCI. However, Martin's medical records indicate that when he tested positive, he was asymptomatic and did not appear distressed in any manner. As such, his fear of possible consequences does not appear supported by what has actually transpired. The Court, however, will also review the 3553(a) factors as they further support denial of the pending motion.

    I.    § 3553(a) Factors

        a. Standard

As noted above, this Court may "not modify a term of imprisonment once it has been imposed" unless specifically authorized to do so by section 3582(c). This Court may grant compassionate release if, after considering the factors in 18 U.S.C. § 3553(a), it determines that "extraordinary and compelling reasons" warrant a reduced sentence and that "such a reduction is consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(1)(A)(i). For ease of reference, the § 3553 factors are as follows:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

18 U.S.C.A. § 3553.

The Sixth Circuit has noted that "District judges maintain an obligation to provide reasons" when resolving motions for compassionate release. *Jones*, 980 F.3d at 1112.

> We start by requiring a thorough factual record for our review: district courts must supply specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its compassionate release decision. We look at the whole record in sentence-modification proceedings, including the records from the original sentencing, records on the modification motion, and the final compassionate release decision.

*Id.* (citations, quotations, and alterations omitted).

3

b. Analysis

Martin's review of the 3553(a) factors focuses heavily upon the conditions at Elkton FCI. However, that focus appears to highlight Martin's believe that he has an increased likelihood of contracting Covid. Unfortunately for Martin, he tested positive for Covid prior to the filing of his motion. As such, the risk of exposure carries little weight in the Court's final analysis.

Martin's conduct that led to his conviction weighs strongly against granting him release. Martin, along with 22 others, was named in a superseding indictment that included 47 counts. Martin was named in three of those counts, including count 1 which detailed the wide-ranging drug conspiracy that resulted in the superseding indictment.

> As to Dwight Martin, he conspired to possess with the intent to distribute and to distribute 500 grams or more but less than five kilograms of a mixture or substance containing a detectable amount of cocaine and 28 gram or more but less than 280 grams of cocaine base ("crack"), in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B) and 846.

Doc. 352 at 5.

Moreover, this was not Martin's first foray into the drug trade. In 2004, Martin was convicted of trafficking in cocaine and sentenced to 2 years incarceration. While this was his first conviction for drug trafficking, on four separate occasions before this conviction, Martin was convicted or drug abuse or drug possession. Those prior convictions led to sentences of 1 year, 8 months, 1 year, and 180 days. In 2007, Martin was again convicted of trafficking in cocaine and sentenced to 4 years incarceration. In 2012, Martin was convicted of trafficking in cocaine for a **third** time and received a sentence of one year.

Martin's overt acts in support of this conspiracy occurred in April and May of 2014, mere

4

months after completing his last one-year state court sentence. Martin's inability to stay away from the drug trade resulted in this Court imposing a sentence of 140 months. Given Martin's return to drug trafficking time and time again, the Court does not believe that reducing his sentence by more than 40 months will serve to deter him from future misconduct. Accordingly, his motion for compassionate release is not well taken.

Based upon a review of the totality of the factors listed in § 3553(a), the Court hereby DENIES Martin's motion for compassionate release along with both his supplements.

IT IS SO ORDERED.

February 4, 2021                 /s/John R. Adams
Date                                    JOHN R. ADAMS
                                            UNITED STATES DISTRICT JUDGE